Please be seated. Your Honor, this is the second case of the morning called 213-1146. West Suburban Bank v. Advantage Financial Partners, LLC. On behalf of the appellant, Mr. Stuart Cusper. On behalf of the appellant, Mr. Ronald Platt. All right, are both sides ready to proceed? Yes, Your Honor. Proceed when you're ready. Thank you, Your Honor. Your Honor, may it please the Court. My name is Stuart Cusper. I'm here on behalf of the appellant, Advantage Financial Partners, LLC. Your Honor, what we have before us today is a case involving the dismissal of 21 petitions brought under Section 2-1401 of the Illinois Code of Civil Procedure. The petitions were filed in multiple cases, all challenging the validity of service that had been made in each of the cases on multiple grounds, two of which we'll talk about today. The first ground is that the appointment, there was a special process server that the plaintiff sought to have appointed. They represented in the motion that it was a private detective agency, duly licensed and certified under Illinois law with the Illinois Department of Professional Regulation. When in fact, the evidence is that the private detective agency was not licensed. But at the time of the appointment? I'm sorry. At the time of the appointment, were they properly licensed? No, they were not. In fact, each of the petitions, Your Honors, alleged facts and established conclusively that the license number for the so-called private detective agency, which I'm now going to just call MPSI Inc., had lapsed in 2008. Each of the petitions were filed in 2013 and attached a printout from the Illinois Department of Professional Regulation establishing that, in fact, the license number still had not been renewed. Consequently, it had ceased to be valid in 2008 and was invalid all the way through 2013. Is it relevant that the individuals within the agency were licensed? No, Your Honor, because they were not licensed. That is a fallacy that has been repeated in multiple places throughout the plaintiff's brief. They were not licensed. If you look at the affidavits that are in the record that were submitted, in fact, by a plaintiff, the underlying employees were not licensed. They had what was called a permanent employee registration number. That is not a license. That does not make them a private detective. And in any event, they weren't appointed. The private detective agency was appointed in Section 2205A of the Illinois Code of Civil Procedure requires a two-step process. You can have a valid, licensed private detective agency appointed, and then an employee registered with that detective agency can affect service of process. Without step one, you can't have step two. And that's the fallacy that's been repeated in the plaintiff's brief. The individuals could not affect service of process. They were not licensed. And that's what Judge Gibson missed. He kind of slid into a, well, no harm, no foul. Let's talk about that. The cases that you cite for strict compliance, the genesis for those cases, Thill and Sarkezian, right? Correct. Yes, Your Honor. And also CTASS and Federal Credit Union v. Johnson. Did Thill or Sarkezian say strict compliance is required where there's personal service? They didn't have to, Your Honor. Okay. My question is, did they say that? I don't believe they said that. Do you have a case from the Illinois Supreme Court that says strict compliance is required where personal service has been obtained? Yeah, I think I'll cite Sarkezian. It doesn't say that. That was because it was a public entity. But strict compliance with statute is strict compliance regardless of what happens next. That's because where you have substitute service, and the Supreme Court has said this, where you have substitute service, the same presumptions that obtain to personal service do not apply. And the trial court, Judge Gibson, when he's ruling on the default, he has to make certain when he looks at the return of service that there's been strict compliance in order to obtain personal jurisdiction. In this case, doesn't the return of service appear to be regular on its face that's been personal service on the corporation by serving? Is it Mr. Rotuno? Well, yeah. We'll get to that, too. Okay. So I want to hear from you why the presumption that obtains to personal service should not apply in this case. Because the trial court has to not just look at the return of service. It has to consider the entirety of the record before him. And that includes the motion that was filed asking for the appointment and what comes next. Does the trial court have to do an investigation with the Secretary of State's office to make certain that this private detective agency is currently registered and licensed? I mean, wouldn't that be absurd? No. I'm not saying that at all, Your Honor. I agree with you. The first district has a general order allowing a law firm to name your private detective agency to do your service, and the trial court isn't even involved. Well, correct. There is an order that gets entered by the presiding judge. Correct? Yes. And the Supreme Court rules, and this is a matter of procedure, correct? The entry of the orders, that's correct. And the requirements for service is also an issue of procedure for the Supreme Court, correct? That's what the first district cases appear to say. I mean, in the circumstance with the special order that's been now provided in the first district, yes, I would agree with you. Well, is it only procedural in the first district and not procedural in the rest of the state? Well, no, and that's the point, because we still have to go back to the Code of Civil Procedure. The Code of Civil Procedure controls everything. If service were accomplished in DuPage County, service would have been fine, correct? But it was accomplished in Cook County, and therefore that subsection applies, correct? Well, yes, Section 2205, yes. You're actually helping me here. I'm looking for a trick and it's not there. Section 2205 doesn't delineate between personal service, substitute service. No, Your Honor. It speaks to what you can do if you want to have somebody other than the sheriff create a valid legal binding appointment that confers personal jurisdiction on the court. And it's a clear two-step process. The evidence in the record that was in the petitions, again, Judge Gibson, I can so not understand what he did. Because it's a natural human emotion. You want to say, well, okay, but no harm, no foul is not the law. It's strict compliance. And it's not that hard. Where is the case from the Illinois Supreme Court that says strict compliance is required for personal service? I understand what you're saying. Where is the case? I don't have a case that says that. Right, you don't have a case that says that. And that language from Phil and Sarkisian has been misplaced in some cases, saying strict compliance is required, taking out the language from those cases where it's a public entity or where it's substitute service. This was not a public entity. This was not substitute service. This was personal service under corporation. So Judge Gibson felt confident that he had jurisdiction. But his determination doesn't matter because your review here is de novo. He did not conduct an evidentiary hearing. He dismissed them on the face of the petitions under 2615 of the Code of Civil Procedure. That means that he has to have found that there was no set of facts that could have been proved by the movements that would have sustained their allegations. And here there were. Because the evidence was in the record, the license was not valid. It wasn't valid for at least five years, 2008, until the time the petitions were filed, attached in the printout from the IDPFR. Your Honor, respectfully, strict compliance is the law. And the reason is because substantial compliance cannot be defined. It would open the doors, and I don't want to make a floodgates argument, and yet I have to, which is why strict compliance has been the law and remains. Because what is substantial compliance? It's this. It's us trying to say, well, should it be okay? And there's no rule of law there that could be followed. Honestly, it would be up to every judge to decide, well, was this sufficient? The statute is clear. It binds everybody. Let me ask you. I think it's a fine argument. Let me ask you this. What do we do about the innocent purchasers? Your Honor, respectfully, it's an irrelevant issue before us today. Whether or not bonafide purchasers exist, I know that the appellant or the athlete threw that into the briefing to try and muck up the issues. It's irrelevant right now because bonafide purchasers don't even exist unless and until that issue gets raised and briefed after we determine this. Because one of the key issues in that is going to be, well, were the defects in the service apparent on the face of the record? I submit to you they were because we can now pick the second issue. In 16 of these cases, there was another defect that was apparent on the face of every return of service that the plaintiff put in, and that was the registered agent was not served. The people to whom folks served process, and I don't like saying that because they didn't have the right to because they weren't appointed and they weren't part of a valid, licensed private detective agency. They served people, and they indicated on their return to service, again, these were the records, they were attached to the petitions, reflecting that they served other people. They served, and I haven't been down here summer, but they served seven times. Five times they served the receptionist, Deb Cologian. Five times they indicated they served an IT employee, Janet Schelke. Three times the receptionist, Robin Zaccardi. One time billing coordinator, Michelle DeLauro. By definition, that's not Steve Rotuno, who's the registered agent. The law mandates service on the registered agent. The return to service by themselves indicated on the face of the record that there were defects in service. Counsel is going to say, well, the returns are prima facie valid, and they said they were authorized. That is not something that you, under the law, can take as valid and prima facie true because agency is a question of fact. What was the intent or the purpose of that legislation with respect to the licensure of services process? I think it was to ensure that you had people who were appropriately regulated and would be bound by the rules of the agency that was appointed to oversee them so that we could have confidence in what was happening. And that's why, again, it's a two-step process. And it's not that hard. This was something plaintiff, they blew it. And it's not for this court or for the defendant to be concerned about the fact that they blew it. This was their responsibility. It wasn't that hard. It wasn't that hard for the detective agency to be licensed. But the point, the purpose of this section is to ensure that process is served by somebody who's wholly disinterested, that it's not a party or some interested person, correct? I would agree that's part of it, but also because of the two-step process. I understand that we have the process to basically go back to that purpose, that it's a disinterested person, somebody who's licensed, somebody that we can have faith and trust in that the service is proper. And who's regulated. Right. Yes. Well, regulated, the purpose is to ensure that the people who do the service are disinterested. To protect the public. Right. I agree with you, but I go a step further. I understand your argument, strict compliance, and they fail. But my argument is it's not just about what your honor is describing. It's also about making sure that when we put service in the hands of somebody other than the sheriff, that they are appropriately bound to follow rules that we can be confident on. And, therefore, that's why the licensure was so important. They have a responsibility, then, to the only Department of Financial and Professional Regulation. It's not just whether they're disinterested. It's also whether we can count on them doing things right. And they didn't do things right internally with the company, MPSI, Inc., and Plano didn't do things right in the two-step process. Do you have any idea how many other cases this might involve if we were to say that strict compliance is required here? For this particular agency, how many cases, how many foreclosures they've been hired to do? Your honor, I absolutely do not. I have not researched that. That's not something that we've been investigating. If we would agree with you that every one of those cases, regardless of the time that's lapsed, they're all void. Yes, absolutely. And, your honor, I understand that can be a very serious and weighty thing for this court to consider, and yet it's the law. What about the Supreme Court rules? There's nothing in the Supreme Court rules regarding personal service, strict compliance. There's nothing in the Supreme Court rules that requires strict compliance. Rule 11. I'm sorry? Rule 11, Supreme Court rule. In terms of strict compliance for service of process? Anything. Is there anything in the rule regarding other than that service be obtained? I'm drawing a blank on what your honor may be referring to in the Supreme Court rules. I know that there are rules regarding service of pleadings once they get filed and service in other circumstances, but I'm sorry. I'm not understanding what your honor's question is. Well, if the rule conflicts with the statute, what governs? Well, I mean, I think you're going to have a statutory interpretation issue at that point in time, but there's no Supreme Court rule that is on point and controls over the clear mandates of Section 2205A of the Illinois Code of Civil Procedure with regard to appointments of private detective agencies and then whether or not employees of those agencies can serve. If your honor cites me to one, obviously I'll certainly respond. But again, your honors, I mean, this whole discussion, what this establishes is exactly why there was error in what Judge Gibson did. In ruling on 2615 motion, he had it determined that there was no set of facts that could be proven by advantage financial to sustain any of the petitions that are filed. In each of the petitions, as we pointed out, there's the first issue, which clearly the evidence is undisputed. There was no valid license enforcing effect and it continued not to be. Any service by the employees was not by licensed people and not by people that were appointed. So therefore, service was void. There was a set of facts that could be proven here, and I just articulated them. Yes, your honor. If Mr. Black brings up laches, why is that not applicable here? Because this court and the Illinois Supreme Court jealously guards the personal jurisdiction of the trial course to ensure that judgments are validly entered and binding. So if it's void, then laches doesn't apply. Absolutely. Laches will never apply. And that's why when the question was raised about what may happen with other cases with this company that may have been done, it just doesn't apply. Jurisdiction is jurisdiction. The law is clear in multiple cases. It can be raised and challenged at any time. It could be challenged in this court for the first time if an issue was raised in an appeal. Consequently, there was a set of facts that could be proven with just the issue on the invalid license for the company that was appointed. Well, let me – Yes, your honor. Rule 12. Proof of service in the trial and reviewing court's effective date of service. When service of a document is required, proof of service shall be filed with the clerk. Maynard, Proof. Subsection D. In the case of service by person of delivery, by certificate of the attorney or affidavit of a person other than an attorney who made the delivery. You certainly have that here. Your honor, that's for attorneys. They're talking about attorneys and people with attorneys. A person other than an attorney who made the delivery has to file a certificate. That's correct. But that does not govern service of process where we are seeking to – I'm sorry, your honor. My time is up. I have no questions anyway. Okay. We're not talking about service of pleadings. We're talking about service of process to confer jurisdiction of the court. That rule applies only after the jurisdiction of the court has attached. It doesn't apply and it certainly doesn't conflict. Respectfully, your honor. I'm sorry. Yes, your honor. My question to you is what remedy are you seeking since this was a dismissal of or a granting of a 2615? I'm glad you asked that because respectfully, I think with respect to all the cases, this court can make the decision. Because the evidence is in the record and undisputed, it doesn't need to go back to Judge Gibson. You can rule right now that service was invalid with regard to all the cases where MPSI Inc. supposedly had been appointed because the evidence is undisputed that it was not validly licensed. What's your fallback position? It's got to be a reversible remand for evidentiary hearing. And didn't you just say, though, that agency is a question of grant? Yes. That applies. But, again, because of the breakdown here, all of the cases have the first issue, which is the invalid appointment of MPSI Inc. So that could actually be decided, but otherwise a remand for an evidentiary hearing. Yes. As to the 16 cases where it is clear that the registrar's agent, Steve Rotuno, was not appointed, that would be a question of fact. I'm sorry. Rotuno was not served? Is that what you mean? He was not served. It's clear on the face of the returns that other people were served. And that's what I read a little short time ago. I agree with you. As for that, that would have to be reversed and remanded for an evidentiary hearing. Okay. My other question to you is there is a grand exception to defective service, bad service, whatever you want to call it, and that is that you waive it. Now, when you came in and asked for alternative remedies in the trial court, did you not waive service? Absolutely not. Why? Two reasons. One, we didn't come in until supplementary proceedings. Yes. They get brought under the same case number, but they're governed by Illinois Supreme Court Rule 277. It's actually separate from what had happened in the trial court. By that time, judgments had been entered. Everything, the defaults had been entered. All of that had taken place. It was a separate supplementary proceeding, so it isn't actually the same case. So it's only prospective. And that's my other point. Under the law, clearly it would be only prospective and would have no effect on what had happened in the trial court in connection with the bailout. So that's your position, is that you were at that point willing to let the judgment stand, but you just wanted it satisfied in the supplementary proceedings, just like anybody else who comes in later, we're not talking about the judgment anymore, we're just trying to resolve it. No, Your Honor. I mean, we had filed our petitions. Right. So we had already indicated we weren't happy with letting the judgment stand. Right. However... But you asked for alternative remedy. There was a request for alternative remedy, and yes, there's this whole argument about estoppel and what have you, and I think that may be what Your Honor is getting to. And quite frankly, it just doesn't apply. Okay. In fact, we cited a case in our reply group that the appellee should have cited that's more on point talking about this. And what's clear in all the cases is estoppel only applies if we ask for and receive and take the benefits of the judgment. That never happened here. We didn't get anything. We never accepted any benefits of the judgment because there was no relief granted in there because after we had filed motions to strike our motions and any requests for satisfaction and what have you, they were denied. So we never got the benefits of any judgment. We never received them. It doesn't matter if there was a request. And in any event, I'll just leave it at that. It doesn't matter if it's a request. The cases require we receive, accept, and keep the benefits. We never did. There is no estoppel. I have nothing. Okay. Okay, thanks. Thank you very much, Your Honor. Good morning, Your Honors. Good morning. May it please the Court, Robert G. Black on behalf of West Suburban Bank. The contentions in the argument have changed throughout on this. They've changed from the petition to the brief to oral argument that AFP has been making. But the bottom line here is there is nothing of record that shows a defect in jurisdiction sufficient to create a void order. From the discussion that's been going on this morning, we're looking past McCluskey, apparently. McCluskey is definitely on point here. McCluskey says any time after you have a share of sale or a motion for a share of sale, then the only mechanism that you can proceed by and under is under Section 15-1508 of the Elementary Mortgage Foreclosure Law. And there's a reason for that. Yeah, but does that apply to McCluskey? Applies to a void? Well, and that's going to be my point ultimately is whether or not McCluskey still applies if there's a void order. The presumption I've been hearing so far in the oral argument is McCluskey does not apply if there is a void order. And I'm going to say that based upon the language of McCluskey, McCluskey recognizes that the mortgage foreclosure situation is an inherently different and an inherently equitable setting. Okay? And therefore, there are protections for both sides, including for the borrower's equity. That's why after judgment, you still have the period of redemption. You still have the period of—here, I'm drawing a blank on it there—the period of redemption, the period of reinstatement, and you still have the notice of sale. You've got all these things and all these times to raise something, okay, to raise an issue. If you don't, within that time or by that time, and it goes to notice of share of sale, then you are limited to Section 15-1508 of the Illinois Mortgage Foreclosure Law. That is not what has happened here. I'm going to assert that based upon the record in this matter, there is nothing to show anything that is lack of personal jurisdiction or void jurisdiction or any of these things throughout that process. Counsel is arguing it's more than personal service. You have to serve more than a warm body. You have to serve the right warm body. Correct. That's what he's asserting. We've got case law that says if a person holds himself out as being able to accept that service, that is sufficient. We have the affidavits uncontradicted of the process servers that said this person said I'm holding myself out. These affidavits are uncontradicted. Regardless of the fact that he wasn't in compliance with 2202. 2202, that's an interesting situation here, okay? What do we have that shows noncompliance with 2202? An unlicensed agency. We have their petition that says they are unlicensed. We have our affidavit and counter affidavit or our affidavit that says the gentleman in charge, the detective in charge, maintained his license at all times and that his individuals at all times had their purse, their private. Is that the same thing as the agency being licensed? I appreciate we are down to how many angels are dancing on the tip of a pen. We certainly are. But nonetheless, is that the same thing as the agency being licensed? What we have, there's several responses to that, Your Honor. But what we have here is a situation where what is meant by licensed versus certified? 2202 talks about certified.  I went and looked up the definitions for the Private Detective Act. And the Private Detective Act has a whole series of definitions for a private detective agency. It does not define what certified means here. Is there a difference between licensed and certified? I'm not sure. There's nothing here that tells us that. But read it as it may. And this is where I'm struggling with where we're coming from. Because there was an argument in blow that said they weren't licensed. And we put out affidavits. They didn't put anything in response to refute it. Their brief at page 9 says they are not, the agency is not licensed because they're one number off between what's in the order of appointment and what's in the certificate of sale. It's the 117-30s-the regular number versus the 117-00-the regular number. If you go back and look at the record, the order appoints 117-30s and whatever the other number is. The affidavits of service do contain a typo. They leave out 10. That's their argument in their brief. That's their assertion of what's wrong here. Yeah, but doesn't the affidavit attached indicate that Cipano was at another private detective agency? There are. Cipano had the MSPSI was an acronym for three outfits, one of which was a private detective agency, two of which were not. We have a circumstance where the corporate entity lapsed and was reinstated and everything is good there. We have a circumstance where apparently that licensure number, okay, there was an issue there, and he got a new licensure number. How long after the service had been made, Mr. Boyle? There is nothing developed of record to show whether or not he, his outfit, had a license at the time of the service. In terms of that, that's the defendant's burden. I have an answer, but it's not on the record. And I don't want to go outside the record there because I know what the answer is. That's their burden. Every presumption is indulged in favor of service, is your argument correct? Every presumption is indulged in favor of service, and every presumption is indulged in favor of where there's a lack of complete record for the appellee. The issue of the voidness here, I think Judge Gibson was absolutely correct. At best, what was raised may have been a technical violation. What about Swartz v. Fireside Crisis Appointment? Because service was obtained in Cook County, where the court said no personal jurisdiction was acquired, there was no compliance with this same provision? I have to be honest, Your Honor, that case is not ringing a bell in my mind. All right. 172 L.F. 3rd, 993. All right. Maybe my notes are wrong. Do you believe that Mr. Black, that Section 2202 applies whether you're in Cook, Lake, DuPage, anywhere? I understand that Cook County has its own local rules, administrative rules. I wonder how much 2202 applies, because if you look at DuPage and the other counties, because if you look at Sub-A, and I think this is critical, if you look at Sub-A, it says you don't have to appoint in counties less than 2 million. But they do. They can, but you don't have to. Right. As long as it's a private detective agency. As long as it's a private detective agency. Would there be comply that they're properly licensed at the time of the service? What happened here and what is unrefuted, okay, is the detective in charge properly licensed throughout personally, the 115 number. Okay. Let's assume for the sake of argument that's correct. What your client asked the court to do was not to appoint that person to serve process. Correct. They asked the court to have an agency act as the processor. Correct. That agency did not have authority, apparently, under the statute at the time the service was made. Isn't that the gist of the argument? From the affidavit of Mr. Chiappelle. Right, that's the owner. That's the detective in charge. He said that that number had inadvertently lapsed and he failed to advise counsel of the inadvertent lapse. Okay. That's as far as I can go based upon how the record has been developed. Doesn't it sort of bring us all back to this was a dismissal on a 2615? That is correct. Shouldn't there be an evidentiary here? At which case, we tell the court your side and they tell the court their side? I think we go back to how the record has been developed all throughout and what was the defendant's burden here. And the defendant's burden was to show more than it showed. And we have affidavits that are uncontradicted. I hear counsel saying, well, you know, whether there was agency and whether agency was permitted is a question. In fact, certainly that would sound like something that would go back for an evidentiary hearing. It's certainly not something that is, you know, out-and-out reversal and void all of these things. But I want to talk, too, for a second. Justice Burkett raised, and I believe it was the entire panel talked about this, too, the purpose behind the private detective act. That purpose, quite simply, as your Honor identifies, not only so that there's not service by somebody that has some interest, but it's also so that for the protection of the public, that you don't have a disreputable person, a felon, whatever it is, going and effectuate service. Okay? There's no indication here that this private detective agency didn't meet all the parameters, didn't do all these things. There simply is none. Okay? So to say that, and again, this is all going back to what are they arguing? In their petition, all they say is it wasn't licensed. In the brief now, they say the real kicker is that, and I have to look at the language here, 2-202, is that the motion in order of appointment must contain the number of the certificate issued by the private detective agency. It's a slight difference from what they've been arguing before, but it is a difference. Now, what does that mean? And is that enough to raise this whole strict compliance thing that says this is void, this is lack of personal jurisdiction, despite the fact of everything else that went on here, despite the inherent protections under the Illinois Mortgage Foreclosure Law, despite the fact that there was a period of redemption and reinstatement of notice, despite the passage of four years, despite the fact we're now at five years later, despite the fact that there was nothing wrong of record when 21- Would it be any different if six months later they came in and said service was void? I think it would make a difference if they would have said before the sheriff's sale or the notice of the sheriff's sale- Well, set aside your argument that you think that's the exclusive remedy. Okay. Void is void, regardless. Oh, yeah, yeah, sure. You want some more? Okay. Okay, all right. Does it matter how long after imperfect service- Mm-hmm. Assuming there was imperfect service. Because your argument is four years, five years, you know, all this time. Where does it- where do I hang my hat and say that that makes a difference? I think what you hang your hat on is McCluskey. Okay, well, remember I said- But beyond that, beyond that, I think that there are differences between the six months and the five years where Lansky's comes into play. With a void judgment. With a void judgment. I mean, if it's void, it's void, isn't it? I mean, I appreciate your argument. I think I do. Your position is it isn't void. It's at best voidable. Voidable. This is what Judge Gibson, I think, correctly identified is a hyper-technical at best defect. I ask this question of counsel. Are you aware of a case that requires strict compliance where it's been- services have been accomplished by personal service? I'm not aware of that case. I'm not aware of a case that requires- no, no, Your Honor. And Sarkissian, Thill, all the cases, in fact, one of our own cases, Mid-America Federal Savings and Loan v. Kozowitz, talk about the presumption of service that attaches when you have an affidavit of personal service that's not attached when it's been substitute service or service on a public entity. In those cases, there must be strict compliance. But here, service was personal service, and your argument is substantial compliance is more than sufficient. Is that what you're saying? Substantial compliance is my argument. Was there strict compliance with the statute or not? Well, if you look at the language that they're relying upon in the appellate court, the order of appointment must contain the number of a certificate issued to the private detective agency. It did contain the number of a certificate issued to the private detective agency. Does Section 2202 delineate between personal service, substitute service, or both service, Mr. Black? Not that I see. And I'm going again back to the whole purpose of the Private Detective Act and the service issues and everything like here. Does that mean that if there is an order that has a number that was issued to that private detective agency, and there's no question but the detective in charge maintained his license, no question but the people that he employed, does that mean that this is somehow the type of lack of strict compliance with the statute under 202 that's going to void everything? That's two questions. Either if it requires strict compliance, then that's it. If you're coming off that, then you're saying substantial compliance is the touchstone. Right? So are you saying it's strict compliance or not strict compliance? It's not strict compliance for this circumstance. Why? Why is this case different? Because if you look at what we're dealing with under 2202, and you look at the reasons and the wherefores of why private detective agencies are certified, licensed, whatever you want to call them, none of those interests are implicated here. Nothing bad is going on. And from the record throughout the time of the foreclosure setting, there is nothing to show anything that would even approach lack of personal jurisdiction. Because how is this? Tell me how this agency that's not licensed I mean, you know, you look at the statute. The entity is one thing. The people who work there are something else. Yes, Your Honor. And the people that work there, they have to be registered versus licensed. Right, and they are. But if they're registered, they're registered under the umbrella that the agency is valid. They are employees of the detective agency. Of a valid detective agency. The registered or the licensed detective agency, which we don't have here. It's a tough question, Mr. Black. You don't have to answer it. There's a couple of tough questions that are raised, and I certainly wish that I could answer them better. But what we have here, and I don't mean to beat a dead horse, but what we have here is the record that we're presented with, and there was an obligation to create a better record, and it didn't happen. So you're telling us to look at these documents, overlook violations in them, overlook the fact that the entity appointed was not licensed as it's required to be under the statute, and say that just because the people who work there were appropriately certified or licensed, that that's enough. I'm saying that what we're dealing here with, as Judge Gibson identified, is at best a mere technical violation that's not enough to rise to the level of lack of personal jurisdiction. Judge Gibson made a comment, which I didn't see any support for this in your brief, other than citing the record. He said the licensure relates back. Well, he was talking about the, I think he was trying to talk about the corporation itself, right? And I believe that there was a matter that was raised that the corporation was dissolved, and it was dissolved by, you know, inadvertently. And what happens then is that, you know, he reinstated it, and by statute it continues as it existed from the beginning. Okay? I'm not sure that that same kind of rule applies to the licensure aspect. I don't know. Your Honor, I, you know, just didn't, I know my time is done. There doesn't seem to be any more questions. We've got all morning, so send it over here. We ask, obviously, that, you know, the McCluskey case be looked at long and hard, and that it better be affirmed. I do have to raise the aspect here of what happened with the single Cook County matter, where they didn't file 214.01, where there was a sheriff's sale there that was improper, that said that the amount in question was $5 million. When it wasn't $5 million, then it was $125,000. They've chosen to file 214.01 petitions, and there's no other way of looking at them. There are 214.01 petitions in every case but that one. And that they're relying upon that case to say not only should these judgments be vacated, but then to turn to the about face and say we're entitled to an order of satisfaction based upon those judgments. Okay? On the one hand, we want to vacate the judgments. On the other hand, we want, we're not going to file a 214.01 in the one case that gives us an apparent surplus, and now we want an order of satisfaction and maybe more. Are you submitting that's a scrivener's error? Oh, that's an error by the sheriff's office, absolutely, because there is paperwork there that shows that the bid, the successful bid was $125,000,  and this is a single-family home. It's not going to be $5 million unless, you know, it's a different location. Are you implying that filing the 214.01 in the other cases is disingenuous? I'm implying that, Your Honor, and I'm also questioning here the motives. Where they file a 214.01 in every case but one that's got the $5 million, and they're coming back and taking two completely opposite positions in the trial court in an attempt to take advantage of that $5 million. Thank you, Your Honors. Appreciate your time and attention this morning. Your Honors, may I please record? In answer to Your Honor's question, was there strict compliance? No. We've already all agreed on that. Counsel couldn't answer because he knows it. It's clear from the record. And, again, the suggestion that there hasn't been sufficient evidence put forth in the record and the petitions to justify even this court making the decision as a matter of law that because of the failure for the company, MPSI Inc., to be licensed, that there was not proper service in all these cases. Attached to the petitions was, as I said, a printout from the Illinois Department of Professional Regulation. One example of it is at the record C00296, showing that license number 117000774 for MPSI Inc. was not renewed. Current expiration, 8-31-2008. This document was filed with petitions under 214-01 that was filed in 2013. If this is still showing as unexpired, it has been unexpired. It was expired in 2008 and remained so all the way through 2013. Consequently, it is undisputed that the petitions all raise sufficient facts to establish this. And, therefore, Judge Gibson could not have properly dismissed the petitions under 2615. How do you respond to Mr. Black's allegations that these petitions are disingenuous? Yeah, I love that, respectfully. Everything that he just said in the last four or so minutes of his argument is outside the record before this court. It has nothing to do with these appeals. And, respectfully, jurisdiction is jurisdiction. On that point, there was something in the record. It's at page 10. It might be a typo. At the hearing, your claim maintained, quote, At this point, our interest isn't getting the surplus back from West Suburban Bank. And then the counsel says that is the only claim that we have mentioned here. Is that a typo? Yeah, I think it is. It should read, At this point, our interest is getting the surplus back from West Suburban Bank. That's the interest, right? That's possible. I obviously wasn't at the hearing. I'm responsible for counsel. My point was that's the point of this, is getting the surplus back. Respectfully. And that's okay. And I'll say respectfully, that very well may be. We're going to pursue the rights that we have under the law. Everything the counsel is saying about, oh, it's a scrivener's error and this and that. My point is it's irrelevant, isn't it? It is. So you shouldn't be looking at motives here. It's whether or not you're justified in taking this step. Absolutely. And I appreciate your honor saying that. Because you know what? Where is the case that says motives of a person who's challenging the jurisdiction of the court because service was plainly defective on at least one level. And on another level, there's one where there are questions of fact that would have been necessary to be decided in that entry hearing. Just so it's clear, there's no dispute about this. That is the interest, and that's fine. There is a question about bona fide third-party purchasers. Again, your honor, I've made those points before. And I submit to you, at this time, that issue is irrelevant. Because it doesn't matter where the properties went and who may have purchased them or how many times they may have changed hands by now. Because at this time, the only issue is jurisdiction. You can't talk about bona fide purchasers because they don't have an impact on jurisdiction. They may have an impact on what happens down the road, but there's also a question of whether they were bona fide depending on which properties they may have purchased. Because if the defects appeared on the face of the record, if there's even a suggestion, we just briefed this issue in another case, and it's pending in the Circuit Court of Cook County. The law says if there's even a suggestion that there was a problem with jurisdiction that's in the record, no party could be a bona fide purchaser. Did you say in the record, did I read where I think you said we're not going after these homes or something to that effect? Respectfully, I can't address each of your comments. I understand what you're saying. If the judgment is void, it's not really relevant. But I remember reading, I believe it was in the record. I believe you're right. I mean, there was a comment that your Honor mentioned. That's in the record, and you're bound by those concessions. They concede that they're not going to try to vacate those. Respectfully, Your Honor, I don't think that's a concession that binds anybody. I think that, I mean, especially given the way Your Honor noted the comment, at this point, our interest may not be. That doesn't mean we can't change it. We're going to be entitled to whatever rights we have under the law once these errors are corrected. Okay? I'm not going to, and you're right, motives are irrelevant, all of it's irrelevant. It really comes down to a strict compliance with statute. And we have established, and I think we've all agreed, I've heard Your Honors each at different times agreeing, the licensure didn't exist. The proof was in the record, and it's undisputed. Certainty to these cases was void for that reason alone, and Your Honors can decide that yourself. They don't need to remand it. But at a minimum, there has to be a reversal and remand for an evidentiary hearing. Thank you, Your Honors. May I make just one more small point? It was something that was very troubling as I was preparing for oral argument, and it actually just came up. There are a number of places in the Eveline's brief where they talk about the licensure, and they talk about how there was a reinstatement, and the licensure related back. And I think Your Honor was the one who raised the corporate existence issue, and this is important because I don't want you to get confused. There was also an issue as to whether MPSI Inc. was valid with the Secretary of State. That issue got corrected. We understand under the law that relates back to the date where they were involuntarily dissolved. That has nothing to do with the licensure issue, which is completely separate and apart. I believe Your Honor made that point. But in the brief, they try to mix the two and suggest that there was a licensure that got reinstated and related back, and that's false. They don't cite any authority for that. Correct. And then even factually, it's false, and that's established by this document that I just cited that was in all the petitions that shows that even as of 2013, from 2008 through 2013, the license upon which they relied for the agency was not renewed. Therefore, there was no license that related back. And to answer Your Honor's question, Mrs. Jorgensen, it is irrelevant whether Mr. Chiapano had a license. He was not appointed. He's not the agency, as Your Honor made clear. Thank you, Your Honor. I appreciate your time today. All right. Thank you very much. This will be a written decision in due time, and we are adjourned for today.